## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | | |
|---|---|---|
| BURT, INC., | ) | |
| | ) | |
| Plaintiff/Appellant, | ) | |
| | ) | |
| vs. | ) | NO. 2:05-CV-301 |
| | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
| Defendant/Appellee. | ) | |

## OPINION AND ORDER

This matter is before the Court on the United States' Motion for Summary Affirmance, filed by the United States on March 8, 2006.  For the reasons set forth below, the motion is **DENIED**.


BACKGROUND

On August 10, 2005, Plaintiff, Burt, Inc., filed a complaint for review and reversal of the administrative determination of tax liability, appealing the decision of the Internal Revenue Service ("IRS") Appeals Office which determined that issuing a notice of levy and filing a lien were appropriate collection actions for unpaid employment taxes.  In compliance with the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. No. 105-206, 112 Stat. 685 ("IRS Restructuring Act") sections 6320 and 6330, prior to the filing of a notice of federal tax lien and levy being made on a

property, the IRS gave Burt, Inc., notice of the right to a Collection Due Process ("CDP") hearing.  The hearing was based upon Burt, Inc.'s failure to timely pay Form 941 taxes and/or to timely make deposits of Form 941 taxes for the quarters ended June 30, 1999, through December 31, 2001, and the quarters ended September 30, 2003, through March 31, 2004.

The parties agree that the only argument Burt, Inc. raised in its CDP hearing was that all penalties and the interest on those penalties should be abated due to reasonable cause because one of its customers, the City of East Chicago, issued a check to Burt, Inc., which was dishonored, and litigation ensued.  Burt, Inc. alleged this deprived it of the financial means to meet its liabilities.  Burt, Inc.'s representative requested that the penalties and interest on those penalties relating to the tax liabilities for the quarters at issue be abated pursuant to 26 U.S.C. section 6724, stating:

> The Taxpayer is a concrete contractor.  In 1999, it was sub-contractor on a large construction project for the City of East Chicago, Indiana. A check issued in 1999 by the City of East Chicago, Indiana was returned for insufficient funds.  As a result, the Taxpayer first became delinquent in its employment taxes.  The Taxpayer was unable to pay its employment taxes because of protracted litigation with City of East Chicago, Indiana.  After the City of East Chicago, Indiana made its check good, the Taxpayer paid its delinquent taxes.  However, by that time, the IRS had assessed penalties which Taxpayer has not paid.  These penalties and interest thereon represent the entire amount of the delinquencies of the Taxpayer. The foregoing facts establish that it was the act of the City of East Chicago, Indiana and not any act by the Taxpayer which

-2-

> prevent [sic] it from paying its employment tax.
> As soon as the City of East Chicago, Indiana made
> good on its bad check, the Taxpayer paid the
> delinquent taxes.  The Taxpayer should not be
> penalized for the action of a governmental unit.

(June 9, 2005 letter by Burt, Inc.'s representative, Gov. Ex. 4.)  On July 12, 2005, the Appeals Officer issued a Notice of Determination, finding that Burt, Inc. did not meet the reasonable cause criteria for the abatement of penalties.  Plaintiff appeals this decision.


DISCUSSION

Title 26 section 6330(d) provides for judicial review of the IRS's administrative determinations.  Although the statute is silent on the standard of review, the parties agree (and so does the Court) that this Court should review Plaintiff's claim of reasonable cause de novo.  *See, i.e., Living Care Alternatives of Utica, Inc. v. United States*, 411 F.3d 621, 625 (6th Cir. 2005) (finding it proper to review the IRS Appeals Office de novo with respect to decisions about the underlying tax liability and for abuse of discretion with respect to all other decisions).  In order to obtain an abatement of penalties, "the taxpayer bears the heavy burden of proving both (1) that the failure did not result from 'willful neglect,' and (2) that the failure was 'due to reasonable cause.'" *United States v. Boyle*, 469 U.S. 241, 245 (1985) (citation omitted).

However, the parties dispute the ramifications of this de novo review.  Burt, Inc. claims that this Court is not confined to the

administrative record, and that the Court should consider the affidavit of John Burt, President of Burt, Inc., attached to Plaintiff's Opposition to Summary Disposition Motion.   (*See* Pl.'s Opp. to Summ. Disp. Mot., p. 1.)   Burt, Inc. also argues, without providing any supporting case law or authority, that a de novo review should not be "summary."   (*Id.*)

In response, the IRS claims that "the issue of whether or not judicial review in a CDP case is limited to the administrative record when the Court makes a de novo review is not at issue in this case," arguing instead that Burt, Inc. cannot introduce any evidence outside of the administrative record (like John Burt's affidavit) because Burt, Inc. failed to disclose initial discovery, and failed to respond to the United States' First Set of Interrogatories, First Request for the Production of Documents, and First Request for Admissions. (United States' Reply to Burt, Inc.'s Opp. to the United States' Mot. For Summ. Affirmance, pp. 1-3.)   Federal Rule of Civil Procedure Rule 37(c)(1) provides in pertinent part as follows:

> A party that without substantial justification fails to disclose information required by Rule 26(a)  . . .  is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Fed. R. Civ. P. 37(c)(1).  Although the IRS then goes on to argue that "it is unlikely that Burt, Inc., can show a substantial justification for failing to disclose the information required by Rule 26(a)," this Court believes it is unfair to exclude evidence like Burt's affidavit

-4-

solely on the basis of Rule 37 without first giving Burt, Inc., the opportunity to attempt to show a substantial justification for the nondisclosure. (United States' Reply to Burt, Inc.'s Opp. to the United States' Mot. for Summ. Affirmance, p. 3.)  The Court is not comfortable excluding this evidence from Plaintiff's opposition on the basis that Plaintiff failed to conform with Rule 37 until Plaintiff is first given an opportunity to attempt to justify its failure to disclose.

Additionally, this Court believes that this case is not appropriate for summary affirmance.  Summary affirmance is an exception to the normal consideration of a matter on appeal.  It should only be employed where the propriety of such action is clear and where the "position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Williams v. Chrans*, 42 F.3d 1137, 1139 (7th Cir. 1994) (internal quotation and citation omitted).  Here, the IRS has conceded that "financial hardship *may* constitute reasonable cause for abatement of penalties for nonpayment of taxes in some circumstances." *See Diamond Plating Co. v. United States*, 390 F.3d 1035, 1038 (7th Cir. 2004) (emphasis added) (cited by the IRS at page 9 of its Memorandum in Support of the United States' Motion for Summary Affirmance).  The issue in this case is whether Burt, Inc.'s financial hardship constitutes reasonable cause for abatement of the penalties. This is a legitimate issue, and the Court cannot say that the IRS's

position is so clearly correct as a matter of law that there is no substantial question regarding the outcome of the appeal.  The Court believes the issues presented in the memoranda are more appropriate for summary judgment, should the parties choose.


CONCLUSION

For the reasons stated above, the United States' Motion for Summary Affirmance, filed by the United States on March 8, 2006, is **DENIED.**


**DATED:   September 28, 2006          /s/RUDY LOZANO, Judge**
                                       **United States District Court**