**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

BURT, INC.,                           )
                                      )
Plaintiff/Appellant,                  )
                                      )
vs.                                   )   NO. 2:05-CV-301
                                      )
INTERNAL REVENUE SERVICE,             )
                                      )
Defendant/Appellee.                   )

**OPINION AND ORDER**

This matter is before the Court on the United States' Motion for Summary Judgment, filed by Defendant/Appellee, the United States of America[1], on December 7, 2006. For the reasons set forth below, the motion is **GRANTED**. The Clerk is **ORDERED** to **DISMISS WITH PREJUDICE** Plaintiff's complaint. Furthermore, the Clerk is **ORDERED** to **CLOSE** this case.

BACKGROUND

Procedural Background

This case stems from Plaintiff/Appellant, Burt, Inc.'s alleged failure to pay certain employment taxes and penalties. On August

---

[1] The United States of America, not the Internal Revenue Service, is the proper party.

1

10, 2005, Burt, Inc. filed a complaint for review and reversal of the administrative determination of tax liability, appealing the decision of the Internal Revenue Service ("IRS") Appeals Office which determined that issuing a notice of levy and filing a lien were appropriate collection actions for unpaid employment taxes.

On March 8, 2006, the United States filed a motion for summary affirmance.  One of the issues raised in the motion for summary affirmance was the admissibility of the affidavit of John Burt, President of Burt, Inc.  The United States argued that Burt's affidavit should be excluded  because Burt, Inc. failed to disclose initial discovery and failed to respond to the United States' discovery requests.  *See* Fed. R. Civ. P. Rule 37(c)(1).  In an order dated September 28, 2006, this Court stated that it believed "it [was] unfair to exclude evidence like Burt's affidavit solely on the basis of Rule 37 without first giving Burt, Inc., the opportunity to attempt to show a substantial justification for the nondisclosure." (9/28/06 Order, pp. 4-5.) Additionally, the Court found that this case was not appropriate for summary affirmance, but would be more appropriate for summary judgment, should the parties so choose to file.

The United States filed the present Motion for Summary Judgment on December 7, 2006.  Once again, the United States argues that Burt's affidavit should be excluded from evidence based upon failure to comply with discovery.  On February 26, 2007, this Court

2

ordered Burt, Inc., to file a memorandum showing any substantial justification for its failure to conduct discovery in this case, and to include in the memorandum any case law in support of its argument that the City of East Chicago's check which was dishonored constitutes a failure to pay the tax liability due to "reasonable cause."

In response to the Court's order, Burt, Inc. filed a memorandum on March 7, 2007.  Essentially, Burt, Inc. states that it did not respond to the United States' discovery requests because counsel has no record of ever receiving such requests. Additionally, Burt, Inc. stated it did not engage in discovery on its own behalf "because the facts that have been lived by the husband and wife who have lived the financial and personal trauma which has been the chaos that was generated at the time of the East Chicago Sidewalks job, is within their knowledge."  (Pl.'s Show Cause Mem. Pursuant to Order of Feb. 26, 2007, p. 2.)  Burt, Inc. also argued that "reasonable cause" was within the eye of the judicial beholder, and cited *Fran Corp. v. United States*, 164 F.3d 814 (2d Cir. 1999).[2]

Factual Background

The facts in this case are largely undisputed.  Burt, Inc. failed to timely file Form 941, to timely pay Form 941 taxes and/or

---

[2]The substance of this case and Plaintiff's argument is addressed later in this order.

3

to timely make deposits of Form 941 taxes for the quarters ended June 30, 1999, through December 31, 2001, and the quarters ended September 30, 2003, through March 31, 2004.  On March 21, 2005, the IRS sent Burt, Inc. a "Final Notice- Notice of Intent to Levy and Notice of Your Rights to a Hearing."  Among other things, the notice informed Burt, Inc, of its right to have a Collection Due Process ("CDP") hearing.  Burt, Inc. requested the CDP hearing.

The parties do not dispute that the only argument Burt, Inc. raised in the CDP hearing was that all penalties and interests should be abated due to reasonable cause because one of its customers issued a check which was dishonored and litigation ensued, all of which Burt, Inc., claimed deprived it of the financial means to meet its liabilities.  Burt, Inc. did not challenge the assessment of the 941 taxes or the amount or existence of the tax liability.  Burt, Inc.'s representative requested that the penalties and interest on those penalties relating to the tax liabilities for the quarters at issue be abated pursuant to 26 U.S.C. section 6724, stating:

> The Taxpayer is a concrete contractor.  In 1999, it was sub-contractor on a large construction project for the City of East Chicago, Indiana.  A check issued in 1999 by the City of East Chicago, Indiana was returned for insufficient funds.  As a result, the Taxpayer first became delinquent in its employment taxes.  The Taxpayer was unable to pay its employment taxes because of protracted litigation with City of East Chicago, Indiana. After the City of East Chicago, Indiana made its check good, the Taxpayer paid its

4

> delinquent taxes.  However, by that time, the IRS had assessed penalties which Taxpayer has not paid.  These penalties and interest thereon represent the entire amount of the delinquencies of the Taxpayer. The foregoing facts establish that it was the act of the City of East Chicago, Indiana and not any act by the Taxpayer which prevent [sic.] it from paying its employment tax.  As soon as the City of East Chicago, Indiana made good on its bad check, the Taxpayer paid the delinquent taxes.  The Taxpayer should not be penalized for the action of a governmental unit.

(June 9, 2005 letter by Burt, Inc.'s representative, Gov. Ex. 4, p. 5.)

On June 14, 2005, the IRS Appeals Officer advised Burt, Inc.'s representative that Burt, Inc.'s circumstances did not meet the criteria for abatement, but gave Burt, Inc., until June 22, 2005, to provide additional information to support the request for abatement.  The Burt, Inc. representative failed to provide the additional information to the IRS.  On July 12, 2005, the Appeals Officer issued a Notice of Determination, finding that Burt, Inc. did not meet the reasonable cause criteria for the abatement of penalties.  The Notice of Determination sustained both the filing of the Notices of Federal Tax lien and the proposed levy. Plaintiff appeals this decision.

The parties dispute whether Burt, Inc. offered a collection alternative during the course of the CDP appeal.  Although the United States claims Burt, Inc. did not offer a collection alternative, Government Exhibit 4, a letter written from a Burt,

5

Inc. representative to the IRS, proposes that Burt, Inc. pay $3,500 in full satisfaction of its liabilities.

DISCUSSION

The standards that generally govern summary judgment motions are familiar. Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper only if it is demonstrated that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In other words, the record must reveal that no reasonable jury could find for the nonmovant. *Karazanos v. Navistar Int'l Transp. Corp.*, 948 F.2d 332, 335 (7th Cir. 1991); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In deciding a motion for summary judgment, a court must view all facts in the light most favorable to the nonmovant. *Anderson*, 477 U.S. at 255; *NUCOR Corp. v. Aceros Y Maquilas De Occidente*, 28 F.3d 572, 583 (7th Cir. 1994).

The burden is upon the movant to identify those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," if any, that the movant believes "demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Once the movant has met this burden, the nonmovant may not rest upon mere allegations but

"must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); *Becker v. Tenenbaum-Hill Assocs., Inc.*, 914 F.2d 107, 110 (7th Cir. 1990); *Schroeder v. Lufthansa German Airlines*, 875 F.2d 613, 620 (7th Cir. 1989). "Whether a fact is material depends on the substantive law underlying a particular claim and 'only disputes over facts that *might affect the outcome* of the suit under governing law will properly preclude the entry of summary judgment.'"  *Walter v. Fiorenzo*, 840 F.2d 427, 434 (7th Cir. 1988) (emphasis in original) (citing *Anderson*, 477 U.S. at 248).

"[A] party who bears the burden of proof on a particular issue may not rest on its pleading, but must affirmatively demonstrate, by specific factual allegations, that there is a *genuine* issue of material fact which requires trial."  *Beard v. Whitley County REMC*, 840 F.2d 405, 410 (7th Cir. 1988) (emphasis in original); *see also Hickey v. A.E. Staley Mfg.*, 995 F.2d 1385, 1391 (7th Cir. 1993). Therefore, if a party fails to establish the existence of an essential element on which the party bears the burden of proof at trial, summary judgment will be appropriate.  In this situation, there can be "'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  *Celotex*, 477 U.S. at 323.

7

Is The Affidavit Admissible?

The affidavit of John Burt, President of Burt, Inc., states in pertinent part as follows:

> 5. Calumet Concrete failed to pay for a great portion of the work performed, and on one occasion delivered to us a dishonored check which would have been a portion of the payment. Other payments, when made, were made by Calumet/Velligan not to Burt, Inc. but its co-venturer, which funds were never paid to Burt, Inc. by the co-venturer.
>
>    \*       \*       \*       \*       \*
>
> 9. It has taken Burt, Inc. since this work in East Chicago, from 1999 to present, to financial [sic.] recover from the funds lost, the expenses that were paid for this project, but never repaid, to recover, so that even at present time, Fifth/Third Bank is pressing suit in Lake Superior Court on all of Burt, Inc.'s financial instruments with that bank. The company did not have the financial ability to pay these taxes when they were due, because of this non-payment, including dishonored checks.
>
> 10. During the period these liabilities were incurred, if Burt, Inc. had paid the taxes, the company would not have had sufficient funds to pay its employees their wages and collective bargaining benefits. At times, there were not even sufficient funds to pay the union obligations, such as pension contributions, although we have been making effort to bring those and keep those current.

(Burt Aff. ¶¶ 5, 9, 10.)  The parties dispute its admissibility because it was never disclosed by Burt, Inc. prior to these proceedings.

This Court declines to rule on whether Burt's affidavit should

8

be excluded pursuant to Federal Rule of Civil Procedure 37(c)(1), as a penalty for not participating in discovery. Without ruling on whether Burt, Inc.'s explanation that it never received the written discovery propounded by the United States constitutes "substantial justification," this Court finds that even assuming, *arguendo*, that Burt's affidavit is properly admissible, Burt, Inc.'s argument still fails.

Was The Taxpayer's Failure to Pay Due to Reasonable Cause?

This case involves what is commonly referred to as "trust fund" taxes. The Internal Revenue Code provides that an employer must deduct and withhold income and social security taxes from the wages paid to its employees. 26 U.S.C. §§ 3102(a), 3402(a). Pursuant to 26 U.S.C. section 7501, the withheld taxes are held by the employer as a special trust fund for the benefit of the United States.[3] The employer is liable for the payment of the taxes withheld from its employees pursuant to 26 U.S.C. section 3403. Federal unemployment taxes are deducted pursuant to 26 U.S.C. section 3304. The employer is required to report the amount of

---

[3]As noted by the Seventh Circuit, "[w]hile they are still in the possession of the employer, the withheld funds are referred to as 'trust fund' taxes, with the employer acting as a trustee for the government." *Diamond Plating Co. v. United States*, 390 F.3d 1035, 1038 (7th Cir. 2004) (citing *In re Avildsen Tools & Machine, Inc.*, 794 F.2d 1248, 1249 (7th Cir. 1986)). "Non-trust fund" taxes are taxes that are not collected from employees' wages, such as an employer's share of Social Security taxes. *Id.*

9

withheld taxes on its payroll tax return, Form 941.

Penalties are assessed for a taxpayer's failure to timely file Form 941, failure to timely pay the tax liability shown on Form 941, and failure to make deposits of Form 941 taxes, unless the taxpayer can establish that the failure was due to reasonable cause and not due to willful neglect.  *See* 26 U.S.C. §§ 6651(a)(1), 6651(a)(2), 6656(a).  In order to obtain an abatement of penalties, the taxpayer bears the "heavy burden of proving both (1) that the failure did not result from 'willful neglect,' and (2) that the failure was 'due to reasonable cause.'" *United States v. Boyle*, 469 U.S. 241, 245 (1985) (citation omitted).  *Boyle* analyzed reasonable cause under section 6651(a)(1); however, the reasonable cause analysis under sections 6651(a)(2) and 6656(d) are similar.  *See, e.g., Valen Mfg. Co. v. United States*, 90 F.3d 1190, 1193 n.1 (6th Cir. 1996) ("Although Boyle involved only a § 6651(a)(1) violation, the language of the 'reasonable cause' exceptions in §§ 6651(a)(2) and 6656(a) is identical and should be given the same construction.").

The terms "reasonable cause" and "willful neglect" are interpreted by the Treasury Regulations, which provide in pertinent part:

> A failure to pay will be considered to be due to reasonable cause to the extent that the taxpayer has made a satisfactory showing that he exercised ordinary business care and prudence in providing for payment of his tax liability and was nevertheless either unable to pay the tax or would

10

> suffer an undue hardship (as described in § 1.6161-1(b) of this chapter) if he paid on the due date.

26 C.F.R. § 301.6651-1(c)(1). "Undue hardship" as used in the above context, is "more than an inconvenience to the taxpayer." 26 C.F.R. § 1.6161-1(b). In determining whether a taxpayer "exercised ordinary business care and prudence," the Regulations provide that:

> [C]onsideration will be given to all the facts and circumstances of the taxpayer's financial situation, including the amount and nature of the taxpayer's expenditures in light of the income (or other amounts) he could, at the time of such expenditures, reasonably expect to receive prior to the date prescribed for the payment of the tax.

26 C.F.R. § 301.6651-1(c)(1).

The Regulations also provide that the employer will be held to a heightened standard when trust fund taxes are at issue. 26 C.F.R. § 301.6651-1(c)(2). According to the Regulations,

> [F]or example, facts and circumstances which, because of the taxpayer's efforts to conserve assets in marketable form, may constitute reasonable cause for nonpayment of income taxes may not constitute reasonable cause for failure to pay over taxes described in section 7501 that are collected or withheld from any other person.

26 C.F.R. § 301.6651-1(c)(2). The Seventh Circuit has found that when a company keeps delinquent trust fund taxes rather than remitting them to the government on a quarterly basis, the company uses these funds for operating expenses and "this practice makes the government 'an unwilling partner in a floundering business.'" *Diamond Plating Co. v. United States*, 390 F.3d 1035, 1039 (7th Cir.

11

2004)(quoting *Collins v. United States*, 848 F.2d 740, 741-42 (6th Cir. 1988)).  The Supreme Court has described the taxpayer's burden in establishing reasonable cause as a heavy one.  *Boyle*, 469 U.S. at 245.

Burt, Inc. argues that the issue on this review is whether the IRS's criteria is definitive, not arbitrary, reasonable, and should be sustained.  Plaintiff provides no form of support whatsoever for this argument.  In light of the previous sections cited from the Code and accompanying Regulations, this Court finds that it is Burt, Inc.'s burden to prove its alleged financial difficulties constituted reasonable cause to avoid penalties for the failure to pay, file, or deposit trust fund taxes.

In analyzing whether Burt, Inc. has established reasonable cause to excuse its noncompliance, this Court takes note that in accordance with Seventh Circuit precedent, under certain circumstances, financial hardship may constitute reasonable cause for the abatement of penalties under 26 U.S.C. § 6651.  *See Diamond Plating Co.*, 390 F.3d at 1038 ("We agree with the majority of circuit courts that have considered this issue, and recognize that financial hardship may constitute reasonable cause for abatement of penalties for nonpayment of taxes in some circumstances.").  Nevertheless, the Court in *Diamond Plating* affirmed the district court's grant of summary judgment for the government, finding "we have little trouble concluding that those circumstances are not

12

present in this case." *Id.*

Burt, Inc. acknowledges that it has found no case law holding that a dishonored check constitutes reasonable cause. Rather, Plaintiff urges the Court to look at all of the facts in this case (this Court has considered all of the facts and circumstances in front of the Court regarding Burt, Inc.'s financial situation), and cites to *Fran Corp. v. United States*, 164 F.3d 814 (2d Cir. 1999), for the proposition that if the choice to the taxpayer is to pay taxes but not have sufficient funds to pay its workforce, that is reasonable cause. *Fran* does find that financial difficulties may constitute reasonable cause to avoid penalties for failure to pay trust fund taxes; however, that case does not hold that if a taxpayer is faced with not paying its employees or paying its taxes, it is reasonable to pay its employees. To the contrary, in *Fran*, the Government conceded that Fran did not have sufficient cash flow or assets to pay all of its employees, creditors, and taxes. 164 F.3d at 815. Yet the Court found Fran failed to show reasonable cause based upon certain expenditures it made during the tax delinquency and "Fran's failure to provide any evidence to show that it placed its obligations to the IRS before those to any and all creditors not directly related to the two projects that defaulted." *Id.* at 819-20.

As in *Fran*, Burt, Inc. has failed to show it prioritized the IRS obligations above all other creditors. Moreover, although

13

Burt, Inc. implores this Court to consider all the facts, Burt, Inc. has placed very few facts in front of the Court to show it acted with prudence and made only legitimate expenditures during the time frame in question. Even taking Burt's affidavit at face value, it simply establishes that Burt, Inc. was in financial distress during the work for East Chicago, that Burt, Inc. did not have the ability to pay the taxes when they were due, and if it had paid the taxes, it would not have had sufficient funds to pay its employee wages and collective bargaining benefits. (Burt Aff. ¶¶ 9, 10.) Plaintiff has failed to produce evidence to this Court of the variety considered by the Courts in *Diamond Plating* and *Fran*[4], which could potentially establish reasonable cause for delinquency. For example, during the time frame in question, what were Burt, Inc.'s operating expenses, income, corporate salaries, employee salaries, assets, what payments were made to other creditors, what expenses were incurred and paid, and what sources of credit were available? Burt, Inc. has not even set forth the amount of the dishonored check, or what percentage of business it conducted with the City of East Chicago, and how the nonpayment specifically effected its business. Burt, Inc. has also not established how the dishonored check issued in 1999 caused Burt, Inc. difficulty with

---

[4] In both of these cases, after considering evidence such as rent payments, expenditures, obligations to other creditors, salaries, revenue, and sources of credit, both Courts found the taxpayers did not have reasonable cause for noncompliance.

14

timely paying, and/or timely making deposits for over five years (1999-2004). *See Francis P. Harvey & Sons, Inc. v. I.R.S.*, 2004 WL 2915309, * 14, 2005-1 USTC ¶ 50,154 (D. Mass. Dec. 2, 2004) (finding that "[t]here must be temporal proximity between the taxpayer's untimely payments and the pendency of the contract dispute") (citations omitted). It is Burt, Inc.'s burden to show that its financial situation excused its failure to file or pay Form 941 taxes, but Burt, Inc. has failed to provide the strong justification needed to avoid the penalties. *See Diamond Plating*, 390 F.3d at 1039 (affirming summary judgment in favor of the government where the taxpayer "failed to carry its heavy burden of showing reasonable cause for nonpayment of taxes.").

Finally, Burt, Inc. argues that there is a material dispute of fact as to whether Burt, Inc. proposed a collection alternative. The United States admits that there appears to be a discrepancy between Exhibit 4, which proposes a lump sum payment in full satisfaction of its liabilities, and Exhibit 5, which states that the taxpayer proposed no collection alternatives. However, Burt, Inc. fails to provide any case law, argument, or any other support whatsoever that a discrepancy in whether a collection alternative was proposed is a material fact which prevents summary judgment. "Whether a fact is material depends on the substantive law underlying a particular claim and 'only disputes over facts that *might affect the outcome* of the suit under governing law will

15

properly preclude the entry of summary judgment.'"  *Walter*, 840 F.2d at 434 (emphasis in original) (quotation omitted).  Burt, Inc. has not shown how this fact could affect the outcome of the suit, and the Court does not believe it is a materially disputed fact. Thus, summary judgment for the United States is warranted.


CONCLUSION

        For the aforementioned reasons, the United States' Motion for Summary Judgment, filed by Defendant/Appellee, the United States of America, on December 7, 2006, is **GRANTED**.  The Clerk is **ORDERED** to **DISMISS WITH PREJUDICE** Plaintiff's complaint.  Furthermore, the Clerk is **ORDERED** to **CLOSE** this case.


**DATED: March 27, 2007**                    /s/ RUDY LOZANO, Judge
                                             **United States District Court**

16